IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RENE AGUILAR, ) | |
| No. B69509, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00344-JPG |
| ) | |
| RANDY DAVIS, ) | |
| LARUE LOVE, ) | |
| TODD WALSH, and ) | |
| JEFF MOORE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Rene Aguilar, an inmate in Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident where he broke his leg in the course of his prison work assignment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.   At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint and supporting documentation, on October 19, 2012, Plaintiff was ordered to assist loading pallets of food and drink onto a dump truck for transport across the institution.  During transport, Plaintiff was to ride in the back of the truck to secure the cargo.  The truck bed was full, it was raining, and when the truck made a sharp, up-hill turn, Plaintiff fell from the truck, breaking his leg.

According to Plaintiff, defendant C/O Jeff Moore ordered him onto the back of the truck, despite a prison policy that did not allow inmates to secure cargo in a moving vehicle.  Rather, the normal procedures involved using a freight elevator to move cargo on and off trucks, but the elevator was not functioning.   Defendant C/O Todd Walsh was driving the truck at the time of the accident.  Plaintiff contends that there was a "clear risk of harm" that was "treated with deliberate indifference, and appropriate safety and corrective measures were not taken (Doc. 1-1, p. 2 (offering the clearest statement of the claim)).

Warden Randy Davis and Assistant Warden of Operations Larue Love are named as defendants, but there are no allegations regarding them in the narrative of the complaint.  The signatures on an attached grievance do not appear to be those of Davis or Love, but those signatures not entirely clear (*see* Doc. 1-1, p. 3).

Plaintiff asserts that his rights under the Eighth, Fifth and Fourteenth Amendments have been violated.  Monetary damages are sought.

**Discussion**

**The Nature of the Claim(s)**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). This encompasses conditions of confinement—including work conditions—that pose a substantial risk of serious physical harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Smith v. Peters*, 631 F.3d 418, 420-21 (7th Cir. 2011).[1] Prison officials will only be found liable if they acted with "deliberate indifference." *Farmer*, 511 U.S. at 834. More specifically,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Consequently, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot … be condemned as the infliction of punishment." *Id.* at 838. Furthermore, neither negligence nor even gross negligence will violate the Eighth Amendment. *Id*. at 835.

Insofar as Plaintiff cites the Fifth and Fourteenth Amendments as bases for liability, the complaint does not sufficiently suggest that, for example, Plaintiff desires to press a due process claim. It appears that he may be merely attempting to attach additional labels to a single claim. However, the Court analyzes similar claims under the most "explicit source[s] of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989); e.g., *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting

---

[1] Inmates are not "employees" within the meaning of the Illinois Worker's Compensation Act, 820 ILCS 305/1 *et seq*. *See DeWeese v. Illinois Department of Public Safety*, 28 Ill. Ct.Cl. 230, 1973 WL 18047 (Ill.Ct.Cl. 1973).

additional constitutional labels"). Therefore, any claims under the Fifth and Fourteenth Amendments should be considered dismissed without prejudice.

**Personal Involvement**

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Consequently, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011).

As already noted, there are no allegations regarding Warden Davis and Assistant Warden Love in the narrative of the complaint—no indication that they had any involvement in the events that lead to Plaintiff breaking his leg. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). For these reasons, Randy Davis and Larue Love must be dismissed, albeit without prejudice. Personal involvement and causation go hand-in-hand. *See Herzog v. Village of Winnetka*, 309 F.3d 1041, 1044 (7th Cir. 2002) (causation is an element of a Section 1983 claim). It remains to be seen whether Plaintiff's injury was caused by C/O Moore, who ordered Plaintiff and others onto the back of the truck, or by C/O Walsh, who drove the truck. In any event, at this stage in the proceedings sufficient personal on the part of Moore and Walsh has been pleaded.

**Deliberate Indifference**

Ordering Plaintiff to ride in the back of the loaded truck, in the rain, and then making a sharp, uphill turn arguably straddles the line between negligence and deliberate indifference. *See* , e.g., *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (subjecting inmates to slippery floors does not

violate the Eighth Amendment); *Ambrose v. Young*, 474 F.3d 1070 (8th Cir. 2007) (correctional officer in charge of work crew was deliberately indifferent when he told inmate to stomp out a non-threatening fire within arm's reach of a downed power line and inmate was electrocuted); *Rogers v. Boatright*, 709 F.3d 403, 408 (5th Cir. 2013) (allegations of reckless driving—braking suddenly—stated a claim deliberate indifference that could survive preliminary review); *Brown v. Fortner*, 518 F.3d 552, 559-60 (8th Cir. 2008) (inmate not buckled into vehicle).  Therefore, the Court finds that a colorable constitutional claim has been stated.  Whether riding in the back of the truck constituted a substantial risk, and whether either C/O Moore or C/O Walsh appreciated the risk cannot be decided based solely on the complaint.   Therefore, the Eighth Amendment claim against Moore and Walsh shall proceed.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **RANDY DAVIS** and **LARUE LOVE** are dismissed **WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim against **JEFF MOORE** and **TODD WALSH** shall **PROCEED**.

The Clerk of Court shall prepare for Defendants **JEFF MOORE** and **TODD WALSH** :  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule

3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 9, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**